UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | Case No. 20-cv-04616-SBA (JCS) <br><br> **ORDER RE JOINT DISCOVERY LETTER** <br><br> Re: Dkt. No. 63 |

## I. INTRODUCTION

This is a discovery dispute involving Defendant Travelers Property Casualty Company of America ("Travelers") and non-party NSG Technology, Inc. ("NSG"). Based on interrogatory responses provided by Plaintiff Monolithic Power Systems, Inc. ("MPS") identifying one of the corporate clients that was affected by the defective integrated circuits that gave rise MPS's claims as "Foxconn Technology Group" ("Foxconn"), Travelers issued two subpoenas ("Subpoenas") under Rule 45 of the Federal Rules of Civil Procedure directed to "Foxconn," which it served by delivering them to the business address at 1705 Junction Ct., Suite 200, San Jose CA 95112. That business address belongs to NSG but the building in which it is located has a sign for "Foxconn" on the outside and Google maps also describes the building address as "Foxconn." NSG objects to the Subpoenas in the joint letter presently before the Court. Travelers, in turn, seeks to compel compliance with the Subpoenas and demands that "Foxconn" respond that it has no responsive documents or information before it will withdraw the Subpoenas. The Court DENIES Travelers' request.

## II. LEGAL STANDARDS

"Personal jurisdiction over a non-party served with a subpoena *duces tecum* is obtained by

a court pursuant to Rule 45(c)" of the Federal Rules of Civil Procedure. *In re Jee*, 104 B.R. 289, 293 (Bankr. C.D. Cal. 1989) (citing *Ghandi v. Police Department of the City of Detroit*, 74 F.R.D. 115, 120 (E.D. Mich. 1977); *Elder–Beerman Stores Corp. v. Federated Department Stores, Inc.*, 45 F.R.D. 515, 516 (S.D.N.Y.1968)). If the non-party named in the subpoena is a corporation, the corporation is amenable to service in any forum within which the corporation has sufficient minimum contacts. *Id.* (citing *Ghandi*, 74 F.R.D. at 121 (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)); and *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984)).

Under Rule 4, a corporation may be served by "delivering a copy of the [subpoena] to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy to the [person to whom the subpoena is directed]." Fed. R. Civ. P. 4(h)(1)(B). Further, Rule 4 authorizes service in the manner approved under state law. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

In California, service on a corporation may be made upon "a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. §416.10(b) (addressing service on "[c]orporations generally"). "A related service-of-process statute, California Corporations Code . . . § 2110, permits service of process upon a foreign corporation transacting business in California by serving 'its general manager in this state.'" *U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*, 636 F. App'x 947, 948 (9th Cir. 2016). The term "general manager" is not defined in either statute, but California courts have found that the term includes any agent of the corporation "of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." *Gibble v. Car-Lene Rsch., Inc.*, 67 Cal. App. 4th 295, 313 (1998) (citations omitted).

A "general manager" may be an individual or an entity. *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1227 (C.D. Cal. 2008). Thus, a California entity may be found to be a "general manager" where the foreign corporation's relationship with the California entity gives the foreign corporation "substantially the business advantages that it would have

2

1  enjoyed if it conducted its business through its own offices or paid agents in the state[.]" *Id*.
2  (citations and internal quotations omitted).

### III. DISCUSSION

As a preliminary matter, the Court finds that the Subpoenas are unenforceable because they are directed to "Foxconn." NGS asserts that "Foxconn" is not a legal entity but instead is a trade name used by "several disparate companies worldwide[,]" and Travelers does not dispute that this is true. It argues it properly directed the Subpoenas to "Foxconn" because that is how MPS identified the company in its interrogatory responses, but it does not explain how it is even possible for a conglomeration of companies that is not itself a single legal entity to respond to the Subpoenas.

Travelers also argues that service was proper because NSG acts as "Foxconn's" "general manager" for purposes of service, asserting in particular that even if the office where it served the Subpoenas belongs to a business with a different name, "the use of the name 'Foxconn' on the building and online indicates that the office has a relationship with the foreign entity such that it presents business advantages that Foxconn would enjoy if it conducted business in the state itself." Even if "Foxconn" is a legal entity that can respond to a Rule 45 subpoena, however, Travelers' argument fails for two reasons. First, it has presented virtually no evidence that "Foxconn" has sufficient minimum contacts with this District to make it amenable to service. Likewise, Travelers offers no evidence that NSG acts as a "general manager" for "Foxconn." The mere fact that its office is in a building with a "Foxconn" sign on it – or that the location is identified on Google maps as "Foxconn" – falls far short of demonstrating that either is requirement is satisfied.

### IV. CONCLUSIONS

For the reasons stated above, the Court concludes that the subpoenas issued by Travelers to "Foxconn" cannot be enforced. Therefore, the Court DENIES Travelers' request.

**IT IS SO ORDERED.**

Dated: May 5, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge

3